UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

Civil Action No.:
Hon:

vs.

Betty Jackson,

Defendant.
_______________________________________/

GOODMAN & POESZAT, PLLC
Jeffrey G. Poeszat (P51370)
Attorneys for the United States of America
20300 West 12 Mile Road, Suite 201
Southfield, MI 48076
248/750-0500
_______________________________________/

**COMPLAINT**

The United States of America, Plaintiff, alleges that:

**Jurisdiction**

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution, 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 19205 Barlow St., Detroit, MI, 48205-2150.

**The Debt**

3. The debt owed to the United States of America is as follows:

A. Current principal balance (after application

| | |
|---|---|
| of all prior payments, credits, and offsets): | $2,774.92 |
| B. Current capitalized interest balance and accrued interest: | $3,710.80 |
| C. Administrative Fee, Costs, Penalties: | $0.00 |
| D. Credits previously applied (Debtor payments, credits and offsets, Exhibit B): | $0.00 |
| Total Owed | $6,485.72 |

The Certificate of Indebtedness, attached as Exhibit B, shows the total owed excluding attorney's fees and Court costs and related charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum from the date stated in Exhibit B. The promissory notes which are at issue are attached as Exhibit A, hereto.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, the United States of America prays for judgment:

A. For the sums set forth in Paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs, and service of process costs allowed by law, and post-judgment interest at the legal rate, pursuant to 28 U.S.C. § 1961.

B. For attorneys' fees and costs allowed by law or contract; and

C. For such other relief which the Court deems proper.

Respectfully submitted,

GOODMAN & POESZAT, PLLC

By: s/ Jeffrey G. Poeszat

Jeffrey Poeszat, Bar No. (P51370)
20300 W 12 Mile Road, Suite 201
Southfield, Mi 48076
Telephone No. 248/750-0500
Fax No. 248/750-0508
jpoeszat@goodmanpoeszat.com

August 22, 2011

CDCS #: 2011A66952

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS # 1 of 1**

Betty J. Jackson
aka: Betty Jackson, Betty Jean Watkins
19205 Barlow St.
Detroit, MI 48205-2150
Account No. XXXXX9659

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/31/11.

On or about 04/01/87, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Michigan National Bank, Clawson, MI. This loan was disbursed for $2,625.00 on 04/27/87 to 07/01/87, at 8.00 percent interest per annum. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 04/03/89, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,774.92 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/08/02, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $850.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,774.92 |
| Interest: | $3,710.80 |
| | |
| Total debt as of 05/31/11: | $6,485.72 |

Interest accrues on the principal shown here at the rate $0.61 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/16/11

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

EXHIBIT B

FA-4444 (12-86) Authority 34 CFR 682 401c MAC 390 1413 and 390 1415 Completion Mandatory No loan can be made unless this form is filed.

MICHIGAN DEPARTMENT OF EDUCATION
BOX 30047, LANSING, MICHIGAN 48909

# APPLICATION FOR A GUARANTEED STUDENT LOAN

Under the Insurance Program of the Michigan Higher Education Assistance Authority

LOAN NUMBER

OVERRIDE

WARNING ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS

1 Social Security Number: [redacted]-9659
2 Last Name: JACKSON First: BETTY MI:
3 Birth Date: [redacted] Year 53
4 Permanent Home Address Street: 19205 BARLOW City: DETROIT State: MI Zip Code: 48205
5 Area Code — Phone Number: (313) 839 5647
6 U S Citizenship Status: [X] (a) U S Citizen or National [ ] (b) Eligible Non-Citizen [ ] (c) Neither of the above (see instructions) Alien ID #
7 Total Number of Borrower's Dependents: 3 B.J. List ages: 13, 7, 33
8 State of Permanent Residence: State Michigan Since Mo 10 Yr 83
9 Intended Enrollment (You must enroll at least half time to be eligible): [X] Full time [ ] At least half-time [ ] Less than half-time
10 Major Course of Study: 03
11 While in school you intend to live (Check One): [ ] With Parents [ ] On Campus [X] Off Campus
12 Prior to the school year for which the loan is intended, have you ever been enrolled in any school beyond high school level? [X] Yes [ ] No
13 Have you ever defaulted on an educational loan? [ ] Yes [X] No. If yes, give details on separate sheet of paper including what arrangements have been made, if any, to repay the debt
14 School Name and Division: Dorsey Business School 31542 Gratiot Roseville, MI 48066

15 Do you have any outstanding guaranteed student loans that are NOT guaranteed by the Michigan Higher Education Assistance Authority? [ ] Yes [X] No (See Instructions) If "Yes," list below (DO NOT INCLUDE PERKINS LOANS, NDSL, HPF, or HEAL). If "No," write "None"

| Name of Lender | City and State of Lender | From Mo / Yr | To Mo / Yr | Unpaid Balance | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |

16 (Parent) or Guardian (Circle One)
Name: Janey Blair
Address: 8009 Linwood
City, State, Zip: Cleveland, Ohio 44103
Phone: 795-0112 (216)
Employer: None

(Relative) or Separated Parent (Circle One)
Name: Cornelius Jackson
Address: 19205 Barlow
City, State, Zip: Detroit, MI 48205
Phone: 839-5647 (313)
Employer: USDA

Relative — Not Living With You
Name: Tony Jenkins
Address: 6224 Field
City, State, Zip: Detroit, MI 48213
Phone:
Employer: 423-5665 (313)

17 Driver's License Number If none, write "none": NONE State:
18 Requested Loan Amount: $2625
19 What period do you want this loan to cover: From Mo 4 Yr 87 To Mo 12 Yr 87
20 Lending Institution which provided this application: Name/Address: MICHIGAN NAT'L. BANK 1259 W. 14 MILE P.O. BOX 000 CLAWSON, MI 48017

## Promissory Note for a Guaranteed Student Loan

I. Promise To Pay I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of TWO THOUSAND SIX Hundred Twenty Five DOLLARS ($ 2625 00)

21 — Requested Loan Amount — Must be the Same as Item 18

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan (See Paragraphs II, III, VI on the other side). My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF

22 Student Borrower Signature: Betty Jackson Date: 4-1-87

NOTICE TO STUDENT. Terms of the Promissory Note continue on the reverse side.

## SECTION II — TO BE COMPLETED BY SCHOOL — SEE SCHOOL INSTRUCTIONS ON REVERSE SIDE OF COPY C

23 Name of School: DORSEY BUSINESS SCHOOLS, INC.
24 Street No: 500 Stephenson Hwy. Suite 403 City: Troy State: MI Zip Code: 48083
25 Phone: (313) 585-9200
26 School Code: 00461921
27 Grade Level: Undergraduate 0 [C] 1 [FR] 2 [SO] 3 [JR] 4 [SR] 5 [5yr] — 1 (FR) marked; Graduate or Professional 6 [1yr] 7 [2yr] 8 [3yr] 9 [4yr]
28 Expected Completion of Studies Date: MO 12 YR 87
29 Loan Period: From 04 06 87 To 12 23 87
30 Estimated cost of education for loan period: $11556
31 Financial aid for loan period: $100
32 Expected Family Contribution: $4616
33 Cost Minus Aid Minus EFC (Item 30 Less Items 31 and 32): $ 10,740
34 STATE USE ONLY
35 Dependency Status: [ ] Dependent [XX] Independent
36 Type of Academic Enrollment Period: [ ] Semester [ ] Trimester [XX] Quarter [ ] Clock Hour [ ] Other Explain
37 First day of class of each academic enrollment period:

| | Month | Day | Year |
|---|---|---|---|
| 1st | 04 | 06 | 87 |
| 2nd | 07 | 06 | 87 |
| 3rd | 10 | 05 | 87 |
| 4th | | | |

38 My signature below certifies that I have read and agreed to the EDUCATION CERTIFICATION printed on the reverse side of COPY B and COPY C
Authorized School Official: [signature] Date: 4-15-87
39 Printed Name and Title: MAREA M. SCHOBLOHER, DIRECTOR OF FINANCIAL AID

## SECTION III — TO BE COMPLETED BY THE LENDING INSTITUTION

40 Name of Lending Institution:
41 City:
42 Federal Code: 814289
43 Amount Recommended: $2625
44 Signature of Authorized Lending Official:
45 Title: Clerk
46 Date: 4-16-87

COPY A — LENDER

EXHIBIT A

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II Date Note Comes Due** I will repay this loan 1 in periodic installments during a repayment period that will begin no later than the end of my grace period or 2 in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended this loan will not be eligible for a grace period My grace period is that period of time which begins when either I leave school or stop carrying at an eligible school approved by MHEAA at least one half the normal full time academic work load required by the school The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period During the grace period I may request that the grace period be shortened and the repayment period begin earlier

**III Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7% 8% or 9% If I have no outstanding Guaranteed Student Loans and obtain a loan for a period of enrollment beginning on or before June 30 1988 my interest rate on this loan will be 8% If I have no outstanding Guaranteed Student Loans and obtain a loan for any period of enrollment beginning on or after July 1 1988 my applicable interest rate on this loan will be 8% per year on the unpaid principal balance from the date of disbursement until four years after the date repayment must commence according to program regulations and then will increase to 10% on the unpaid principal balance during the remainder of the repayment period The Notice of Loan Guarantee and Disclosure Statement identifies the applicable annual interest rate for this loan You will not attempt to collect from me any interest which the United States Government will pay for me When this note becomes due I may either pay the total interest due from me or such interest may be added in accordance with regulations governing the Guaranteed Student Loan Program to the principal balance which is due to be repaid with interest, in installments Once the repayment period begins I will pay all the interest on this loan except that if the interest accruing on this loan prior to the repayment period was payable by the United States Government the United States Government will pay the interest that accrues during any period described under Deferment Paragraph VIII in this Note All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of

**IV Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law and identified to me on the Notice of Loan Guarantee and Disclosure Statement If any loan check is returned uncashed to you or has not been cashed within 120 days of disbursement or all of the loan money is returned to you within 120 days of disbursement I will be entitled to a refund of any origination fee paid in respect to such disbursement I will pay you a guarantee fee in an amount identified on the Notice of Loan Guarantee and Disclosure Statement which you will forward to MHEAA to pay for its guarantee of this Note The guarantee fee is calculated on the amount of this loan from the disbursement date until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan If any loan check is returned uncashed to you or has not been cashed within 120 days of disbursement or all of the loan money is returned to you within 120 days of disbursement I will be entitled to a refund of any guarantee fee paid in respect to this disbursement The origination fee and the guarantee fee may both be deducted from the proceeds of my loan

**V Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once subject to any law which gives me a right to cure my default if 1) any payment has not reached you after it is due as specified on the Notice of Loan Guarantee and Disclosure Statement within the number of days as specified in federal Guaranteed Student Loan Program regulations or 2) I fail to notify you of a change in my name address or school enrollment status or 3) make any false written statement in applying for this loan or for a forbearance or deferment of this loan After sending such notice to me you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you if not prohibited by law but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me If I default I will still be required to pay interest on this loan as provided under Interest Paragraph III from the date of default A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII

**VI Late Charges** If any payment has not reached you within ten 10) days after its due date you may if permitted by law bill me a late charge at the maximum rate permitted If a payment is late, I may be charged six cents for each dollar of each late installment

**VII Additional Agreements** 1) The proceeds of this loan will be used only for my education expenses at the school to be named in Section II of my Application 2 Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights No provision of this Note can be waived or modified except in writing and agreed to by MHEAA 4) If MHEAA is required under its guarantee to repay my loan(s) because I have defaulted MHEAA will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me 5) I understand that I must repay this Note even though I may be under 18 years of age 6 If I am unable to make the scheduled payments for reason of hardship I may be eligible for forbearance as provided for in the MHEAA regulations at the discretion of the lender on the repayment of my loans 7 If I die or become permanently and totally disabled the unpaid balance of this Note will be paid in full to you or any other owner of this Note by MHEAA 8 If I default on this Note by reason of delinquency and you incur any extra costs or expenses in connection with collecting on my debt you will add all reasonable expenses and attorney fees to my loan debt 9 In this Note the words I me and my mean the borrower identified in item 2 of Section I of the Application You your and yours mean the lender and any other owner of this Note

**VIII Deferment** You will let me pay interest only if such interest is not paid by the United States Government and let me defer making principal payments on this Note as provided below if my repayment period has begun and I provide you with written evidence that I qualify for the deferment 1 While I am enrolled a at a participating school in full time study as determined by that school however to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States or b in a graduate fellowship program approved by the Secretary of Education or c in a rehabilitation training program for disabled individuals approved by the Secretary of Education or d as a full time student at an institution of higher education or vocational school which is operated by an agency of the United States Government 2 For periods not exceeding 3 years for each of the following while I am a on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service or b serving as a Peace Corps volunteer or c serving as a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973 e g VISTA or d providing service as a full time volunteer for an organization exempt from federal income tax under Section 501 c 3 of the Internal Revenue Code of 1954 which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs e temporarily totally disabled as established by affidavit of a qualified physician or f unable to work because I am providing care required by a spouse who is temporarily totally disabled as established by affidavit of a qualified physician 3 For a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service 4, For a period not exceeding 24 months while I am conscientiously seeking but unable to find full time employment in the United States

If I have no outstanding Guaranteed Student Loans and obtain a loan for any period of enrollment beginning on or after July 1 1987 you will also let me defer making principal payments on this Note if my repayment period has begun and I provide you with written notice that I qualify for the deferment 5 While I am a on active duty as a member of the National Oceanic and Atmospheric [illegible] not to exceed three years or b enrolled half time during a period [illegible] Guaranteed Student Loan or c teaching in a federally designated teacher shortage area or d qualify for parental leave not in excess of six months or e qualify [illegible] school age children and who is just entering the workforce and who is paid at a [illegible] federal minimum wage such deferment not to exceed twelve months or f, unable to work because as a single parent borrower I am providing care required by a dependent who is temporarily totally disabled for a period of not less than three months as [illegible] such deferment not to exceed three years

The undersigned does hereby sell, assign, transfer and set over unto the Michigan Department of Treasury all its rights, title and interest in this note

[illegible] Authorized Agent

[illegible] amount due on this Promissory Note in periodic install[illegible] in Interest Paragraph III on the unpaid balance from the first day following the expiration of the grace period until the loan is paid in full unless I The whole loan is due [illegible] Paragraph V or [illegible] Promissory Note has become due because of item 2 of Date Note Comes Due Paragraph II before the end of the grace period you will send me a Repayment Schedule which shows the particular repayment terms that will become part of this Promissory Note The Repayment Schedule may include all loans I have received from you under the [illegible] Student Loan Program

The Repayment Schedule will require me to make monthly payments for a period of not more than 10 years and not less than 5 years unless the minimum $50 monthly payment required by program regulations will repay the loan principal and interest in less than 5 years At my option I may request and be granted a repayment period that is shorter than 5 years at a later time I may have the repayment period extended so that the total repayment period is not less than 5 years unless the condition in the preceding sentence applies Any period of authorized deferment or forbearance does not count as part of the 5 to 10 year repayment period

**X Prepayment** I may at my option and without penalty prepay all or any part of the principal or accrued interest of this loan at any time

**XI Credit Bureau Notification** My lender will report this loan to a credit bureau The credit bureau will be later notified when I have paid this loan in full Or if I do not repay this loan as required either you or MHEAA will report this failure to repay to the credit bureau This adverse report may significantly affect my credit rating

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct I, the borrower, certify that the information contained in Section I of this application is true complete and correct to the best of my knowledge and belief and is made in good faith I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan I further authorize any school that I may attend to release to the lending institution subsequent holder, MHEAA U S Department of Education or their agents any requested information pertinent to this loan (e g , employment enrollment status current address I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in the Notice of Loan Guarantee and Disclosure Statement I certify that the total amount of loans received under the Guaranteed Student Loan Program Title IV Part B P L 89 329 as amended will not exceed the allowable maximums I further certify that I do not now owe a repayment on a Pell Grant Supplemental Grant or State Student Incentive Grant and am not now in default on a National Direct Student Loan or a Guaranteed Student Loan or a Federally Insured Student Loan or a PLUS loan or ALAS Loan or SLS loan I further authorize my lending institution to issue a check covering the proceeds of my loan in full or in part made payable to me or at the lender s option jointly payable to me and the school I understand that the loan check will be sent to the school named in Section II I have read and understand the Statement of Borrower s Rights and Responsibilities supplied with this application

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount as determined by the lender and program regulations the fee amounts due dates and grace period I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note the information on the Notice of Loan Guarantee and Disclosure Statement applies

**NOTICE TO STUDENT BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION**

5411

OSLC Form No. 10--(5-69)

OHIO STUDENT LOAN COMMISSION
INTERIM NOTE

August 1, 1970 OSLC Loan No. COE-102

Cleveland, Ohio

RECEIVED
SEP 17 1979
OHIO STUDENT LOAN COMMISSION

OPTIONAL ENTRY

$ 422.50 Principal

$ 76.26 Interest

$ 498.76 Total

On March 1, 1973 (Date) for value received the undersigned (Jointly and severally if more than one) promise(s) to pay to Cleveland Federal Savings and Loan Association of Cuyahoga County, herein called the "Lender" or order, the principal sum of Four Hundred Twenty-Two and 50/100-------------Dollars, with interest thereon from the date hereof at the rate of 7 % per annum simple interest on the outstanding balance of such sum. Payment is to be made at the office of the lender at 614 Euclid Ave., Cleve., O. or at such other place as the holder hereof shall designate.

The undersigned further understand and agree, and it is understood between the parties that:

I. To the extent that interest shall be paid to the lending institution by the United States Government on behalf of the maker, the obligation of the maker to pay that interest shall be discharged and satisfied.

II. Repayment: At any time on or before the day on which the principal and interest hereof shall have become due and payable, provided that at such time there shall exist no default under the provisions of paragraph V hereof and no event but for the passage of time would constitute a default, the maker shall have the right to require this note to be surrendered by the holder hereof in exchange for a Payout Note of substantially the same tenor. The Payout Note shall (i) be dated the date of such exchange, and (ii) be in principal amount equal to the sum of the unpaid principal and accrued interest hereon, plus an amount equal to interest on such sum from the date thereof. Equal monthly installments shall be payable under such Payout Note (with appropriate adjustment, if necessary, in the amount of the final installment) and the first such installment shall be due on the first day of the tenth month following the date the maker ceased to pursue at least a half-time course of study at an eligible institution, such term of repayment to extend not more than five years from the date of initiation of regularly scheduled payments subject to any mandatory provisions or exceptions authorized in The Higher Education Act of 1965, as amended. The minimum annual repayment shall not be less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under The Higher Education Act of 1965, 79 Stat. 1219 as amended and $360. Installments of principal need not be paid (A) during any period in which the maker is carrying, at an eligible institution, a full or half-time academic work load and (B) principal installments may be deferred for not in excess of three years during which the maker is (C) a member of the Armed Forces of the United States (D) a volunteer under the Peace Corps Act (E) a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A),(B),(C),or(D) shall not be included in determining the period during which repayment must be completed.

5411

III. The undersigned agree(s) (i) to pay, in addition to interest and principal, one-half percent per annum on the principal amount, to provide loan insurance coverage by the commission. Payment covering the period of time from the date of execution of this note to the estimated commencement of the repayment period shall be due and payable immediately (ii) to use the proceeds of the loan solely to pay expenses connected with attendance at the educational institution in which enrolled or accepted for admission on the date hereof (iii) to inform the holder within thirty days of any changes in home address or his status if less than that of a half-time student.

IV. The undersigned may prepay all or any part of the principal of this Note, plus interest accrued thereon, at any time without premium or penalty.

V. This note shall, at the option of the holder, become due and payable immediately without notice or demand upon the occurrence of any one or more of the following events.

(A) The insolvency, assignment for the benefit of creditors of, or the filing of a petition in bankruptcy by or against the maker.
(B) The default by the undersigned in the repayment of principal and/or interest hereon when the same shall become due and payable.
(C) The failure of performance by the undersigned of any promise or undertaking hereunder or to cure any breach of warranty contained herein.

VI. In event of the death or permanent and total disability of the maker, the commission shall discharge the maker's liability by paying to the holder the amount owed at the time of death or determination of permanent and total disability.

VII. The Lender and each of the undersigned agree that the laws of the State of Ohio shall govern and prevail in every matter relating to this note regardless of wherever signed or payable. The undersigned acknowledges that he (she) is legally obligated, under Section 3351.09 of the Revised Code of Ohio, for the payment of the note even though he (she) may be under twenty-one (21) years of age.

VIII. The undersigned (jointly and severally, if more than one) do hereby authorize any attorney at law to appear for us, or any of us, or the survivor or survivors of us, in an action on this note brought against us or either of us, or the survivor or survivors of us, at any time after said note becomes due in any court of record situated in the county where the maker resides or in the county where the maker or any one of us sign this warrant and being in the United States to waive the issuing and service of process, and confess judgment in favor of the legal holder of the above against us, or any of us, or the survivor or survivors of us, for the amount that may be due thereon with interest, at the rate therein mentioned, and costs of suit; and also in behalf of us, or any of us, or the survivor or survivors of us to waive and release all errors in said proceedings and judgments, petitions and writs of error thereon.

This note executed at Cleveland, Ohio.

x Betty Jean Watkins

Betty Jean Watkins

8009 Linwood Avenue, Cleveland, Ohio 44103
Home Address of Maker

x Margaret Watkins

Margaret Watkins

L-165-A

"Pay to the order of the Ohio Student Loan Commission, without recourse on us, or any of us."
CLEVELAND FEDERAL SAVINGS AND LOAN ASSOCIATION OF CUYAHOGA COUNTY
BY R R Thompson
R.R. Thompson/Vice President

September 14, 1979